# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> RENOVATE AMERICA, INC., <br><br> Debtor. <br><br> Federal Tax I.D. No. 26-4104352 | Chapter 11 <br><br> Case No. 20-13172 (___) |
| In re: <br><br> PERSONAL ENERGY FINANCE, INC., <br><br> Debtor. <br><br> Federal Tax I.D. No. 47-1318208 | Chapter 11 <br><br> Case No. 20-13173 (___) |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Renovate America, Inc. and its debtor affiliate, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[1] respectfully state the following in support of this motion (this "Motion").

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) directing joint administration of these chapter 11 cases for procedural purposes only; and (b) granting related relief. Additionally, the Debtors request that one file and one docket be maintained for the jointly administered cases under the case of Renovate America,

---

[1] A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Shawn Stone, Chief Executive Officer of Renovate America, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief under chapter 11 of the Bankruptcy Code on December 21, 2020 (the "Petition Date").

Inc. (the primary operating company) and that the Court modify the captions in these chapter 11 cases to reflect joint administration, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| RENOVATE AMERICA, INC., *et al.*,[1] | ) ) | Case No. 20-13172 (___) |
| Debtors. | ) ) ) | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include Renovate America, Inc. (4352) and Personal Energy Finance, Inc. (8208). The Debtors' service address is 16870 W. Bernardo Dr., Suite 408 San Diego, California 92127.

2. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of Personal Energy Finance, Inc.'s chapter 11 case to reflect the joint administration of these chapter 11 cases:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of Renovate America, Inc., Case No. 20-13172 and Personal Energy Finance, Inc., Case No. 20-13173. The docket in Case No. 20-13172 should be consulted for all matters affecting this case.

**Jurisdiction and Venue**

3. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order or judgment by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested in this Motion are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m).

**Basis for Relief**

5. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The two Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Court has authority to grant the relief requested herein.

6. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015 . . . supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. . . . An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

7. Joint administration generally is non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. Given the integrated

nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. *First*, joint administration will eliminate the need to prepare, replicate, file, and serve duplicative notices, motions, applications, objections, and orders. *Second*, joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative dockets. *Third*, joint administration also will allow the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency. *Finally*, joint administration will not adversely affect parties in interest because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Therefore, each creditor will continue to hold its claim against a particular Debtors' estate notwithstanding approval of this Motion. Further, the proposed caption to be used in these chapter 11 cases satisfies the requirements of section 342(c)(1) of the Bankruptcy Code, which requires that notices given by the debtor to a creditor under the Bankruptcy Code shall contain the name, address, and last four digits of the taxpayer identification number of the debtor. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

### Notice

8. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the lender under the Debtors' debtor in possession financing facility and counsel thereto; (d) the agents and lenders under the Debtors' prepetition warehouse financing facilities and counsel thereto; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; (g) the office of the attorneys general for the states in which the Debtors operate; (h) any party that has requested notice pursuant to

Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, the Debtors will serve copies of this Motion and any order entered on this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

9.  No prior request for the relief sought in this Motion has been made by the Debtors to this or any other court.

[*Remainder of page is intentionally blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: December 22, 2020
Wilmington, Delaware

*/s/ Mette H. Kurth*
Mette H. Kurth (DE Bar No. 6496)
**CULHANE MEADOWS, PLLC**
4023 Kennett Pike #165
Wilmington, Delaware 19807
Telephone:   (302) 660-8331
Email:   mkurth@cm.law

- and -

Sharon Z. Weiss (*pro hac vice* admission pending)
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, California 90401
Telephone:   (310) 576-2100
Facsimile:   (310) 576-2200
Email:   sharon.weiss@bclplaw.com

- and -

Timothy R. Bow (*pro hac vice* admission pending)
**BRYAN CAVE LEIGHTON PAISNER LLP**
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Telephone:   (312) 602-5000
Facsimile:   (312) 602-5050
Email:   timothy.bow@bclplaw.com

*Proposed Co-Counsel to the Debtors and Debtors In Possession*